IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MARION THOMAS STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:14-cv-01315-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on defendant United States of America's (the "government") motion to dismiss and motion to strike amended complaint, and plaintiff Marion Thomas Stanley's ("Mr. Stanley" or "plaintiff") motion for extension of time. For the reasons set forth below, the court denies the government's motions to dismiss and to strike the amended complaint and grants plaintiff's motion for extension of time, allowing plaintiff to file an amended complaint and substitute Ms. Stanley as the proper party.

**I.  BACKGROUND**

On or about December 13, 2012, at approximately 10:15 a.m., Mr. Stanley was attending a doctor's appointment at the VA Medical Center in Augusta, Georgia. Compl. ¶ 6. Mr. Stanley tripped over a rug and fell because the rug was "allowed to become bagged up in the middle so as to move as [Mr. Stanley] crossed the rug," sustaining injuries including "acute non-displaced fracture of the surgical neck of the left hip." Id. ¶ 6–7. On April 11, 2014, Mr. Stanley filed the present action against the government, alleging that it was negligent in failing to keep the premises reasonably safe.

1

On February 10, 2015, Mr. Stanley's attorney advised the government that Mr. Stanley had died and that the pleadings would be amended accordingly. Def.'s Mot. to Dismiss, Ex. 1. The government independently determined that Mr. Stanley died on June 15, 2014. See Def.'s Mot. to Dismiss, Ex. 2. On July 7, 2015, the government served Ms. Stanley a Suggestion of Death via registered mail, return receipt requested, restricted delivery. On July 16, 2015, Ms. Stanley signed the receipt for the Suggestion of Death. On October 8, 2015, Mr. Stanley's attorney sent the government an email with a Consent Order to Amend the Case Caption attached, requesting the government's consent to the amended complaint. ECF No. 20, Ex. 1. The government responded, stating:

> In regard to the message below, I am unable to consent to an amended complaint that includes a claim for Mrs. Stanley "individually." She did not file an administrative claim and consequently is barred from asserting any individual claim in court. Since she is the representative of Mr. Stanley's estate, though, she can pursue his claims.
>
> Also, while I avoid needlessly adding to an opposing lawyer's work load, the amended complaint needs to be reworded to reflect the new circumstances. I will consent to the filing of an amended complaint that complies with this.

ECF No. 20, Ex. 2. Mr. Stanley's attorney never responded to the email.

The government filed a motion to dismiss on November 12, 2015, arguing that the court must dismiss the action because Mr. Stanley's attorney failed to substitute Ms. Stanley as the party to the action as required under Federal Rule of Civil Procedure 25(a)(1). On November 16, 2015, Mr. Stanley's attorney filed an amended complaint, substituting his wife, Janis Stanley ("Ms. Stanley"), as the personal representative of Mr. Stanley's estate. ECF No. 20. On November 22, 2015, the government filed a motion to strike the amended complaint because it was not filed within the 90-day deadline. On

2

December 2, 2015, plaintiffs filed a motion to extend the time to substitute a party under Rule 25(a)(1) pursuant to Federal Rule of Civil Procedure 6(b). That same day, plaintiff also filed responses to the government's motion to dismiss and motion to strike. The government filed replies on December 9, 2015. On December 10, 2015, the government filed a response in opposition to plaintiff's motion to extend the deadline. The motions have been fully briefed and are now ripe for the court's review.

## II.  STANDARD

### A.     Federal Rule of Civil Procedure 25(a)(1)

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent <u>must be dismissed</u>.

(emphasis added). The running of the ninety-day period commences when the suggesting party personally serves the suggestion of death on the decedent's personal representative, if appointed, or on the successors or representatives of the decedent. <u>Fariss v. Lynchburg Foundry</u>, 769 F.2d 958, 961–62 (4th Cir. 1985) ("Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.").

### B.     Federal Rule of Civil Procedure 6(b)

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In <u>Pioneer Investment Services Co. v. Brunswick Assoc. Ltd.</u>

Partnership, 507 U.S. 380 (1993), the Supreme Court provided guidance as to the meaning of excusable neglect. The Court found that the phrase may extend to inadvertent delays. Id. at 392. The Court recognized that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. When determining whether neglect is "excusable," the Supreme Court directed courts to take into account all relevant circumstances, including: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." Fernandes v. Craine, 538 F. App'x 274, 276 (4th Cir. 2013) (citing Pioneer, 507 U.S. at 395).

### III.   DISCUSSION

Ms. Stanley received the suggestion of death on July 16, 2015. Thereafter, plaintiffs had ninety days to substitute Ms. Stanley, as personal representative of Mr. Stanley's estate, as the proper party. Therefore, the deadline to file a motion for substitution was October 14, 2015. Plaintiff's counsel concedes that he did not properly amend the complaint to substitute Ms. Stanley within the deadline. However, he requests that the court extend the deadline and allow him to amend the complaint because of excusable neglect. Specifically, he argues that he understood the government's October 9, 2015 email to consent to filing the amended complaint to substitute Ms. Stanley, regardless of whether it was filed after the deadline. Plaintiff's counsel represents that

the government did not limit its consent to a particular time period and that he "understood this to mean that the [g]overnment consented to a substitution of [Ms. Stanley] to pursue Mr. Stanley's claims." Pl.'s Mot. for Ex. 2.

Although it is clear that an action by a decedent must be dismissed if a motion for substitution is not filed within ninety days after receipt of the suggestion of death, Rule 6(b) allows a court to extend the time period "if the party failed to act because of excusable neglect." "[T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." Tatterson v. Koppers Co., 104 F.R.D. 19, 20 (W.D. Pa. 1984) (citing Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir. 1966); United States v. Miller Bros. Constr. Co., 505 F.2d 1031, 1035 (10th Cir. 1974)). "The factors to be considered by the Court before allowing a substitution of parties after the expiration of the time period include any prejudice to the other party, good faith, and excusable neglect." Id.; see also Bell v. Bd. of Educ. of Cty. of Fayette, 2006 WL 66409, at *1 (S.D.W. Va. Jan. 10, 2006) (citing Tatterson and recognizing the factors to be considered in deciding whether to extend Rule 25(a)'s 90-day window). Applying the excusable neglect standard as discussed in Pioneer to Rule 25(a)'s 90-day deadline, the court should weigh the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, whether the movant acted in good faith.

  A.  **Prejudice**

Beyond defending this lawsuit, the government would not suffer any prejudice if the court granted plaintiff's motion to extend the deadline. "To find prejudice, courts

typically require more than the fact that the defendant will face an additional lawsuit." <u>In re Processed Egg Products Antitrust Litig.</u>, 2015 WL 5439177, at *5 (E.D. Pa. Sept. 14, 2015). The parties have not engaged in discovery, and the government does not argue how it would be prejudiced in the briefing. Therefore, the court finds that this factor weighs in favor of finding excusable neglect because the government will not suffer prejudice.

### B.     Length of Delay

The government contends that the relevant length of delay is the time period between Mr. Stanley's death and filing the amended complaint. Mot. to Strike 5. However, the pertinent period is the time between the date on which plaintiffs were required to file a motion for substitution and the time in which they filed their amended complaint substituting parties. The ninety-day window expired on October 14, 2015. Plaintiff filed an amended complaint on November 16, 2015, four days after the government filed its motion to dismiss and thirty-three days after the expiration of the deadline. Plaintiff did not file a motion for extension of the deadline, asserting excusable neglect, until December 2, 2015. However, the court does not find the delay unreasonable under the circumstances. Plaintiff's counsel emailed an amended complaint to the government within the ninety-day window and filed an amended complaint four days after he realized that the government wanted to dismiss the action for failure to substitute within the ninety-day period. Therefore, the court finds that this factor also weighs in favor of finding excusable neglect.

### C.   Reason for Delay

Plaintiff contends that he failed to file a motion for substitution within the deadline because he reasonably understood the government's October 9, 2015 email as consent to the amended complaint without a time limit. Plaintiff's counsel sent the government the email on October 8, 2015, within the prescribed time period. However, the time limit was not discussed in the email exchange. In the email exchange, the government stated:

> In regard to the message below, I am unable to consent to an amended complaint that includes a claim for Mrs. Stanley "individually." She did not file an administrative claim and consequently is barred from asserting any individual claim in court. Since she is the representative of Mr. Stanley's estate, though, she can pursue his claims.
>
> Also, while I avoid needlessly adding to an opposing lawyer's work load, the amended complaint needs to be reworded to reflect the new circumstances. I will consent to the filing of an amended complaint that complies with this.

ECF No. 20, Ex. 2. The government took issue solely with Ms. Stanley's individual claims but appeared to consent to the amended complaint in all other respects.

The government argues that it was unreasonable for plaintiff's counsel to interpret the email exchange as giving consent to substitute the party and amend the complaint outside of the ninety-day deadline because plaintiffs' counsel never sent the revised amended complaint before filing it and the government never would have consented to a document it did not see. The court believes that it was reasonable for plaintiff's counsel to interpret the government's email as consenting to the amended complaint, even if filed outside the 90-day deadline. Therefore, the court finds the reason for the delay reasonable, although solely within plaintiff's control.

### D. Good Faith

There is no indication that plaintiffs were acting in bad faith in failing to file a motion for substitution, nor does the government allege that plaintiffs acted in bad faith. Although the delay between Mr. Stanley's death and the amended complaint is almost a year and a half, plaintiff's counsel notified the government of Mr. Stanley's death back in February 2015 and there is no suggestion of bad faith. Therefore, this factor weighs in favor of finding excusable neglect.

Accordingly, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the court will grant plaintiff's motion to extend the time in which plaintiff must substitute Ms. Stanley as the appropriate party under Federal Rule of Civil Procedure 25(a)(1). As such, the court denies the government's motion to dismiss the complaint and strike the amended complaint.

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** plaintiff's motion to extend the time to substitute a party under Federal Rule of Civil Procedure 25(a)(1).  As such, the court **DENIES** the government's motion to dismiss and **DENIES** the government's motion to strike the complaint.

**AND IT IS SO ORDERED**.

                                                            **DAVID C. NORTON**
                                                            **UNITED STATES DISTRICT JUDGE**

**February 17, 2015**
**Charleston, South Carolina**